IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOBBY LEE BELL,**                                                            **PLAINTIFF**

**V.**                                                                                     **NO. 4:05CV165-M-D**

**GEORGE T. KELLY, JR.,**                                              **DEFENDANT**

**O P I N I O N**

       This matter is before the court, *sua sponte*, for consideration of dismissal.  Plaintiff, who is currently in custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The defendant is an attorney who represented plaintiff in the criminal trial for which he is now in confinement.

       Plaintiff stated that he was tried and convicted for the offenses of  aggravated assault.  He filed notice of appeal, and the Mississippi Court of Appeals set up a briefing schedule.  The defendant, who had been appointed to represent plaintiff, did nit file a brief and the appeal was dismissed for failure to prosecute.  Plaintiff's request to reinstate the appeal, based on the defendant's failure to file the brief, was granted and the appeal is again pending.

       After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

       At most, plaintiff has attempted to assert a claim of professional malpractice against the defendant.  The acts which may give rise to a claim for professional malpractice do not constitute a cognizable claim under 42 U.S.C. § 1983.  *See, O'Brien v. Colbath*, 465 F. 2d 358 (5th Cir. 1972) (Section 1983 is not intended to be used for prosecuting malpractice suits against attorneys).

       Moreover, it is clear from the allegations of the complaint that the defendant is not a state actor nor are there any allegations which establish that defendant is a state actor.  In order to have

a cause of action under 42 U.S.C. § 1983, the defendant must act "under color of state law."[1]  Under *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court held that a defendant does not have to be an officer of the state to act "under color of state law" to be liable under § 1983.  The action by a private person must be fairly attributable to the state for the challenged conduct to fall within 42 U.S.C. § 1983.  *Barnes v. Lehman*, 861 F.2d 1383, 1386-88 (5th Cir. 1988).  Under these allegations, plaintiff makes no claim that the defendant acted as a state official nor that the defendant conspired with a state official in allegedly depriving him of any constitutional right.  Therefore, plaintiff has no cause of action against this defendant under 42 U.S.C. § 1983.

      A final judgment in accordance with this opinion will be entered.

      THIS the 4th day of August, 2005.

                                            /s/ Michael P. Mills
                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .